E. MARTIN ESTRADA
United States Attorney
MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division
BRETT A. SAGEL (Cal. Bar No. 243918)
Assistant United States Attorney
Chief, Corporate & Securities Fraud Strike Force
ALEXANDER B. SCHWAB
Assistant United States Attorney
Deputy Chief, Corporate & Securities Fraud Strike Force
LAUREN ARCHER
MATTHEW REILLY
Trial Attorneys
Department of Justice, Criminal Division, Fraud Section
    United States Courthouse
    411 West 4th Street, Suite 8000
    Santa Ana, California 92701
    Telephone: (714) 338-3598
    Facsimile: (714) 338-3561
    E-mail:   brett.sagel@usdoj.gov
                alexander.schwab@usdoj.gov
                lauren.archer@usdoj.gov
                matthew.reilly@usdoj.gov

UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | 2:24-CR-000456-TJH |
|---|---|
| v. | STIPULATION AND PROPOSED PROTECTIVE ORDER |
| ANDREW LEFT, | |
| Defendant. | |

The United States of America, by and through counsel of record, and Defendant Andrew Left, by and through his counsel of record, hereby stipulate that:

1. The evidence in this case includes sensitive information relating to the United States' case-in-chief and the investigative activities of law enforcement, including sensitive information pertaining to individual and corporate bank and brokerage accounts (collectively "Investigative

Material"). Such Investigative Material includes but is not limited to investigative reports and memoranda of interviews; *Jencks* Act witness statements; Rule 16 discovery, including personal financial records; potential *Brady/Giglio* information; and any reciprocal discovery produced by the defendant. The evidence in this case also includes personal identification information for others, including but not limited to names, addresses, dates of birth, social security numbers, and bank/brokerage account numbers (collectively "Personal Information").

2. It is anticipated that discovery in this case will include hundreds of thousands of pages of records from a variety of sources, which will contain the types of information described above. It would be contrary to the interests of justice to indiscriminately disclose such information to the general public. Moreover, the information described in paragraph 1 above may be found throughout the discovery in this case and it would be unduly burdensome for the government to attempt to segregate this information or to redact, in all instances, the Personal Information found therein.

3. Accordingly, in order to protect the confidentiality of such information as is contained in the discovery, the parties stipulate, and request the Court to order, that only defense counsel, defense counsel's agents, and the defendant may review the discovery provided by the government in preparation for trial, and that defense counsel, defense counsel's agents and the defendant may only use the discovery and the information provided therein for the specific purpose of

|   |   |
|---|---|
| 1 | preparing or presenting a defense in this matter, and for no |
| 2 | other purpose. |
| 3 | 4. The parties further stipulate, and request the Court to order, |
| 4 | that only defense counsel and defense counsel's agents may |
| 5 | make copies of any discovery provided by the government in |
| 6 | this case; and that the defendant may make copies for his own |
| 7 | use only to the extent that such discovery has been provided |
| 8 | to him by defense counsel or defense counsel's agents. Neither |
| 9 | defense counsel, defense counsel's agents, nor the defendant |
| 10 | may release any such copies to any third party, except that |
| 11 | defense counsel and defense counsel's agents may release to |
| 12 | potential witnesses and their counsel for the specific purpose |
| 13 | of preparing a defense in this matter. |
| 14 | 5. The parties further stipulate, and request the Court to make |
| 15 | its Order applicable to all of the discovery produced by the |
| 16 | government in this case, including any discovery that has |
| 17 | already been produced as well as any discovery produced after |
| 18 | entry of its Order. |
| 19 | 6. The defendant's attorneys shall inform any person to whom |
| 20 | disclosure may be made pursuant to this order of the |
| 21 | existence and terms of the Court's protective order. |
| 22 | 7. The requested restrictions shall not restrict the use or |
| 23 | introduction as evidence of discovery documents containing |
| 24 | personal identifying information during the trial of this |
| 25 | matter. |
| 26 | 8. At the conclusion of this matter, defense counsel will collect |
| 27 | and destroy any and all copies of discovery produced by the |
| 28 | government and used by the defense for the purpose of |

    preparing or presenting a defense in this matter, except a copy set as necessary to maintain in defense counsel's case file.

9. By signing this stipulation, counsel for the defendant represents that he has discussed the contents of this stipulation and proposed order with Defendant Left, that the defendant has no objection to this stipulation and the relief requested in the proposed order, and that the defendant agrees to abide by the terms of the proposed order.

IT IS SO STIPULATED.

DATE:  August 19, 2024

Respectfully submitted,

| | |
|---|---|
| E. MARTIN ESTRADA<br>United States Attorney<br>Central District of California<br><br>*/s Brett Sagel*<br>BRETT A. SAGEL<br>ALEXANDER B. SCHWAB<br>Assistant United States Attorneys<br>Central District of California<br>714-338-3598<br>BSagel@usa.doj.gov | GLENN S. LEON<br>Chief<br>Fraud Section, Criminal Division<br>U.S. Department of Justice<br><br>*/s Matt Reilly*<br>LAUREN ARCHER<br>MATTHEW REILLY<br>Trial Attorneys<br>Criminal Division, Fraud Section<br>U.S. Department of Justice<br>202-320-8523<br>matthew.reilly2@usdoj.gov |

*/s Jim Spertus* (with permission)
JAMES W. SPERTUS
SAMUEL A. JOSEPHS
LINDSEY HAY
SPERTUS, LANDES & JOSEPHS, LLP
*Counsel for Defendant Left*