E. MARTIN ESTRADA
United States Attorney
MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division
BRETT A. SAGEL (Cal. Bar No. 243918)
Assistant United States Attorney
Chief, Corporate & Securities Fraud Strike Force
ALEXANDER B. SCHWAB
Assistant United States Attorney
Deputy Chief, Corporate & Securities Fraud Strike Force
LAUREN ARCHER
MATTHEW REILLY
Trial Attorneys
Department of Justice, Criminal Division, Fraud Section
     United States Courthouse
     411 West 4th Street, Suite 8000
     Santa Ana, California 92701
     Telephone: (714) 338-3598
     Facsimile: (714) 338-3561
     E-mail:    brett.sagel@usdoj.gov
                alexander.schwab@usdoj.gov
                lauren.archer@usdoj.gov
                matthew.reilly@usdoj.gov

UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| United States of America | 2:24-CR-000456-TJH |
|---|---|
| v. | GOVERNMENT'S UNOPPOSED MOTION TO AUTHORIZE ALTERNATIVE VICTIM NOTIFICATION PROCEDURES |
| ANDREW LEFT, | |
| Defendant. | |

The United States, through undersigned counsel, respectfully moves this Court, pursuant to 18 U.S.C. § 3771(d)(2), for authorization to use alternative victim notification procedures — namely, publication on a Department of Justice website — because the large number of potential crime victims in this case makes it impracticable to notify victims on an individualized basis. The Defendant does not believe the Indictment identifies any potential victims, and does not agree that further victim notification is

1  appropriate, but this Motion seeks only an order discharging the
2  government from further victim notification obligations under the
3  Crime Victims' Rights Act ("CVRA"), 18 U.S.C. § 3771, and the defense
4  does not oppose that request.   In support of its motion, the
5  Government states the following:
6    1. The Crime Victims' Rights Act ("CVRA"), 18 U.S.C. § 3771,
7       provides crime victims with certain rights, including the right
8       to "reasonable, accurate, and timely notice" of public court
9       proceedings.  18 U.S.C. § 3771(a).  A "crime victim" is defined
10      as "a person directly or proximately harmed as a result of the
11      commission of a Federal offense . . . ."  18 U.S.C. § 3771(e).
12      In cases involving "multiple crime victims" where the court
13      "finds that the number of crime victims makes it impracticable
14      to accord all of the crime victims the rights described in [18
15      U.S.C. § 3771](a), the Court shall fashion a reasonable
16      procedure to give effect to this chapter that does not unduly
17      complicate or prolong the proceedings."  18 U.S.C. § 3771(d)(2).
18   2. The Government respectfully submits that this case involves
19      "multiple crime victims" under 18 U.S.C. § 3771(d)(2) because of
20      the number of potential crime victims.  The defense disagrees
21      and respectfully submits there are no victims in this case and
22      no alleged victim profile identified in the Indictment.
23   3. On July 25, 2024, defendant, a securities analyst, trader, and
24      frequent guest commentator on business cable news channels, was
25      charged with one count of engaging in a securities fraud scheme
26      in violation of 18 U.S.C. § 1348, seventeen counts of securities
27      fraud in violation of 15 U.S.C § 78(j)(b) and 17 C.F.R. §
28      240.10b-5, and one count of making a false statement in

violation of 18 U.S.C. § 1001(a)(2).  According to the indictment, from March 2018 to October 2023, defendant engaged in a scheme to manipulate the market of publicly traded securities ("Targeted Securities").  In furtherance of the scheme, defendant would publish reports and/or Tweets concerning Targeted Securities purporting to provide defendant's views as to whether a company was over- or under-valued in the market with commentary on the company, price targets, and other statements intended to move the price of the Targeted Securities.  Defendant had a significant following online and often appeared in media to promote his reports or tweets.  However, the Indictment alleges that defendant used his platform to manipulate securities prices for personal gain, quickly closing out of the positions he had built prior to publication – contrary to the recommendations he had made to the public and at prices far above or below his purported target prices.

4. Because of the nature of defendant's scheme, the government believes (and the defense disputes) there are numerous potential victims.  For one, he disseminated his statements – which the government has alleged were false and misleading – through his website, his twitter account, and over the airwaves.  The potential audience for these statements was in the hundreds of thousands as defendant's Twitter account, alone, had more than one hundred thousand followers during the relevant time period.  Additionally, defendant engaged in significant and substantial securities trading in the Targeted Securities.  For example, in just the transaction volume featured in the Indictment, defendant engaged in securities transactions corresponding to

3

      6.8 million shares, including equities and options exposure. These trades were in made thousands of transactions spanning more than three years.

5. In addition to the market participants that read or heard defendant's allegedly false and misleading statements, the government believes (and the defense disputes) that the trades placed by defendant may have affected thousands of counterparties and other market participants — all potential crime victims — who traded in the Targeted Securities during the relevant periods.

6. Given the number of potential crime victims, this case involves "multiple crime victims" under 18 U.S.C. § 3771(d)(2) because it is impracticable for the government to, among other things, identify and provide individualized notice to each potential crime victim pursuant to 18 U.S.C. § 3771(a).

7. As an alternative procedure to notify potential crime victims in this case, the government proposes that it maintain a public Department of Justice website at [https://www.justice.gov/criminal/criminal-vns/case/united-states-v-andrew-left](https://www.justice.gov/criminal/criminal-vns/case/united-states-v-andrew-left).  The website would provide a summary of the case, information regarding the case's status, and other significant case-related documents, such as the charging documents and upcoming court hearings.  The website also would contain an e-mail address and telephone number for a Victim Assistance Line through which individual potential crime victims could contact the Department of Justice with questions regarding the case.

8. Courts have authorized the use of a website by the Government to notify potential crime victims under the CVRA in other complex fraud cases that involved numerous potential victims. See United States v. Peizer, 2:23-cr-000089, Dkt. No. 46 (C.D. Cal. Apr. 24, 2023) (granting motion to permit victim notification through use of a website in an insider trading case involving potentially hundreds of unknown victims in the securities market); see also United States v. Zhao, 1:18-cr-24, Dkt. No. 53 (N.D. Ill. Jan. 23, 2019) (permitting notification of potential victims of spoofing through publication on a Department of Justice website as an alternative means of individualized notice); United States v. Elbaz, 18-CR-157-TDC, Dkt. No. 89 (D. Md. Nov. 5, 2018) (granting motion to permit victim notification through the use of a website in a case involving an alleged conspiracy to defraud investors in binary options); United States v. Babich, No. CR 16-10343-ADB, 2017 WL 8180771, at *3 (D. Mass. Aug. 8, 2017) (finding alternative victim notification procedures appropriate, including the use of websites, in a fraud case involving a four-and-a-half year conspiracy where the government "had positively identified approximately 30 victims and potentially there were thousands of victims"); United States v. Citicorp, No. 3:15-cv-78 (SRU), 2015 WL 5595482, at *1 (D. Conn. Sept. 22, 2015) (permitting victim notification through a Department of Justice website and through letters to lead counsel for plaintiffs in private civil litigations); United States v. Madoff, No. 08 Mag. 2735, slip op. at 1-3 (S.D.N.Y. Mar. 6, 2009) (permitting the government to satisfy the CVRA by posting notices about scheduled public proceedings on the U.S.

Attorney's Office website and by having the court-appointed trustee include a link to the U.S. Attorney's Office website on the trustee's own website); United States v. Saltsman, No. 07-CR-641 (NGG), 2007 WL 4232985, at *2 (E.D.N.Y. Nov. 27, 2007) ("Given the large number of potential alleged crime victims, notification by publication [on the U.S. Attorney's Office website or a Department of Justice website] is a reasonable procedure that will both give effect to the [statute] and will not unduly complicate or prolong the proceedings.").

9. The government has conferred with counsel for defendant who does not oppose this motion, although the defense disagrees with the government's characterization of the potential victims in this case being counterparties to defendant's trades or readers of defendant's publications.  The defense does not oppose the requested order discharging the government from further notification obligations, but disagrees there are any potential victims in the conduct described in the Indictment.

10.   WHEREFORE, the government respectfully requests that, under 18 U.S.C. § 3771(d)(2), the Court authorize the Government to maintain a website as a reasonable alternative procedure for notifying crime victims in this case.

DATE: August 27, 2024

Respectfully submitted,

E. MARTIN ESTRADA  
United States Attorney  
Central District of California  

GLENN S. LEON  
Chief  
Fraud Section, Criminal Division  
U.S. Department of Justice  

/s Brett Sagel

6

| | |
|---|---|
| BRETT A. SAGEL<br>ALEXANDER B. SCHWAB<br>Assistant United States Attorneys<br>Central District of California<br>714-338-3598<br>BSagel@usa.doj.gov | /s Matt Reilly<br>LAUREN ARCHER<br>MATTHEW REILLY<br>Trial Attorneys<br>Criminal Division, Fraud Section<br>U.S. Department of Justice<br>202-320-8523<br>matthew.reilly2@usdoj.gov |

/s Jim Spertus (with permission)
JAMES W. SPERTUS
SAMUEL A. JOSEPHS
LINDSEY HAY
SPERTUS, LANDES & JOSEPHS, LLP
Counsel for Defendant Left

7