JOSEPH T. MCNALLY
Acting United States Attorney
LINDSEY GREER DOTSON
Assistant United States Attorney
Chief, Criminal Division
BRETT A. SAGEL (Cal. Bar No. 243918)
Assistant United States Attorney
Chief, Corporate & Securities Fraud Strike Force
ALEXANDER B. SCHWAB
Assistant United States Attorney
Deputy Chief, Corporate & Securities Fraud Strike Force
LAUREN ARCHER
MATTHEW REILLY
Trial Attorneys
Department of Justice, Criminal Division, Fraud Section
     United States Courthouse
     411 West 4th Street, Suite 8000
     Santa Ana, California 92701
     Telephone: (714) 338-3598
     Facsimile: (714) 338-3561
     E-mail:    brett.sagel@usdoj.gov
                alexander.schwab@usdoj.gov
                lauren.archer@usdoj.gov
                matthew.reilly2@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| United States of America, | No. 2:24-CR-00456-TJH |
|---|---|
| Plaintiff, | STIPULATION REGARDING REQUEST FOR (1) CONTINUANCE OF TRIAL DATE AND (2) FINDINGS OF EXCLUDABLE TIME PERIODS PURSUANT TO SPEEDY TRIAL ACT |
| v. | |
| ANDREW LEFT, | |
| Defendant. | **CURRENT TRIAL DATE:** 09/30/2025<br>**PROPOSED TRIAL DATE:** 03/17/2026 |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorneys Brett Sagel and Alexander Schwab and the U.S. Department of Justice, Criminal Division Fraud Section and Trial Attorneys Lauren Archer and Matthew

Reilly, and defendant Andrew Left ("defendant"), both individually and by and through his counsel of record, James Spertus, Lindsey Hay, and Mario Hoang Nguyen hereby stipulate as follows:

1. The Indictment in this case was filed on July 25, 2024. Defendant first appeared before a judicial officer of the court in which the charges in this case were pending on July 29, 2024. The Speedy Trial Act, 18 U.S.C. § 3161, originally required that the trial commence on or before October 7, 2024.

2. Defendant is released on bond pending trial. The parties estimate that the trial in this matter will last approximately twelve days.

3. On September 4, 2024, the Court issued an Order setting trial for September 30, 2025 and excluding time under the Speedy Trial Act until that date.

4. By this stipulation, defendant moves to continue the trial date to March 17, 2026. This is the second request for a continuance.

5. The parties further agree to the following pretrial deadlines:

   a. As currently scheduled, the hearing on defendant's Motion to Dismiss will be held on May 5, 2025.

   b. All other pre-trial motions, including any motion for a Bill of Particulars if necessary, shall be filed by July 7, 2025; oppositions shall be filed by July 28, 2025; and optional replies shall be filed by August 4, 2025. A hearing on any pretrial motions shall occur on August 18, 2025, or a subsequent date set by the Court.

       c.   The deadline for providing notice under Rule 404(b) of the Federal Rules of Evidence and disclosure of expert witnesses shall be September 15, 2025; optional rebuttal expert disclosures shall be provided by October 13, 2025.

       d.   All motions concerning expert witnesses shall be filed by October 27, 2025; oppositions shall be filed by November 17, 2025; and optional replies shall be filed by November 24, 2025.  A hearing on experts shall be held on December 15, 2025.

       e.   All motions *in limine* shall be filed by January 26, 2026; oppositions shall be filed by February 9, 2026; and optional replies shall be filed by February 17, 2026. A pretrial conference and hearing on motions *in limine* shall occur on March 2, 2026, or a subsequent date set by the Court.

   6.   Defendant requests the continuance based upon the following facts, which the parties believe demonstrate good cause to support the appropriate findings under the Speedy Trial Act:

       a.   Defendant is charged with violations of 18 U.S.C. § 1348(1) (securities fraud), 15 U.S.C. §§ 78j(b), 78ff, 17 C.F.R. § 240.10b-5 (securities fraud), and 18 U.S.C. § 1001(a)(2) (false statements). The government has produced voluminous discovery to the defense to date, including approximately 3 terabytes of data, including hundreds of thousands of documents, which include investigative reports, witness interviews, financial records, trading records, communications, and other materials.

       b.   Due to the nature of the prosecution, including the charges in the indictment and voluminous discovery, defense counsel represent that additional time is necessary to confer with the defendant, conduct and complete an independent investigation of the

case, conduct and complete additional legal research including for potential pre-trial motions, and review the discovery and potential evidence in the case, and prepare for trial.  Defense counsel represents that failure to grant the continuance would deny them reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

      c.   On January 27, 2025, defendant filed a motion to dismiss.  The motion remains pending before the court, and is scheduled to be heard on May 5, 2025.

      d.   Defendant believes that failure to grant the continuance will deny him adequate representation.

      e.   The government does not object to the continuance.

      f.   The requested continuance is not based on congestion of the Court's calendar, lack of diligent preparation on the part of an attorney for the government or the defense, or failure on the part of the attorney for the government to obtain available witnesses.

    7.   For purposes of computing the date under the Speedy Trial Act by which defendant's trial must commence, the parties agree that the time period of April 1, 2025 to March 17, 2026, inclusive, should be excluded pursuant to 18 U.S.C. §§ 3161(h)(7)(A), (h)(7)(B)(i), and (h)(7)(B)(iv) because the delay results from a continuance granted by the Court at defendant's request, without government objection, on the basis of the Court's finding that: (i) the ends of justice served by the continuance outweigh the best interest of the public and defendant in a speedy trial; (ii) failure to grant the continuance would be likely to make a continuation of the proceeding impossible, or result in a miscarriage of justice; and (iii) failure to grant the continuance would deny defense counsel the reasonable time necessary

4

for effective preparation, taking into account the exercise of due diligence.

8. In addition, the parties agree that the time period of January 27, 2025 to the date of the Court's ruling on defendant's motion to dismiss (ECF No. 34), inclusive, should be excluded pursuant to 18 U.S.C. § 3161(h)(1)(D), because it constitutes a delay resulting from a pretrial motion, from the filing of the motion through the prompt resolution of the motion.

9. Nothing in this stipulation shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods be excluded from the period within which trial must commence. Moreover, the same provisions and/or other provisions of the Speedy Trial Act may in the future authorize the exclusion of additional time periods from the period within which trial must commence.

IT IS SO STIPULATED.

Dated: April 2, 2025

                                                Respectfully submitted,

JOSEPH T. MCNALLY  
Acting United States Attorney

LINDSEY GREER DOTSON  
Assistant United States Attorney  
Chief, Criminal Division

    /s/  
ALEXANDER B. SCHWAB  
BRETT A. SAGEL

Attorneys for Plaintiff  
UNITED STATES OF AMERICA

LORINDA I. LARYEA  
Acting Chief, Fraud Section

    /s/  
LAUREN ARCHER  
MATTHEW REILLY  
Trial Attorneys  
Fraud Section  
Criminal Division  
U.S. Department of Justice

5

1    I am ANDREW LEFT's attorney. I have carefully discussed every
2 part of this stipulation and the continuance of the trial date with
3 my client. I have fully informed my client of his Speedy Trial
4 rights. To my knowledge, my client understands those rights and
5 agrees to waive them. I believe that my client's decision to give up
6 the right to be brought to trial earlier than March 17, 2026, is an
7 informed and voluntary one.

9    _____        April 1, 2025_____
     JAMES SPERTUS                          DATE
10   Attorney for Defendant
     ANDREW LEFT

13    I have read this stipulation and have carefully discussed it
14 with my attorney. I understand my Speedy Trial rights. I voluntarily
15 agree to the continuance of the trial date and give up my right to be
16 brought to trial earlier than March 17, 2026. I understand that I
17 will be ordered to appear in Courtroom 9C of the Federal Courthouse,
18 350 W. 1st Street, Los Angeles, California on March 17, 2026, at
19 10:00 a.m.

21   _____        4/1/2025_____
     ANDREW LEFT                            DATE
22   Defendant