BILAL A. ESSAYLI
United States Attorney
LINDSEY GREER DOTSON
Assistant United States Attorney
Chief, Criminal Division
BRETT A. SAGEL (Cal. Bar No. 243918)
ALEXANDER B. SCHWAB (Cal. Bar No. 283421)
Assistant United States Attorneys
Chief/Deputy Chief, Corporate and Securities Fraud Strike Force
LAUREN ARCHER
MATTHEW REILLY
Trial Attorneys
Department of Justice, Criminal Division, Fraud Section
    1100 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (714) 338-3598/(213) 894-1259
    Facsimile: (213) 894-0141
    E-mail:    brett.sagel@usdoj.gov
                alexander.schwab@usdoj.gov
                lauren.archer@usdoj.gov
                matthew.reilly2@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 24-456-TJH |
|---|---|
| Plaintiff, | GOVERNMENT'S RESPONSE TO DEFENDANT'S NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS |
| v. | |
| ANDREW LEFT, | Hearing Date: May 5, 2025 |
| Defendant. | Hearing Time: 9:00 a.m. |
| | Location: Courtroom of the Hon. Terry J. Hatter Jr. |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorneys Brett Sagel and Alexander B. Schwab and the U.S. Department of Justice, Criminal Division Fraud Section and Trial Attorneys Lauren Archer and Matthew

Reilly, hereby files its response to defendant Andrew Left's notice of supplemental authority in support of his motion to dismiss.

The Supreme Court's recent decision in Thompson v. United States, No. 23-1095, 2025 WL 876266 (U.S. Mar. 21, 2025), does not support defendant's motion to dismiss. If anything, it bolsters the government's position.

First, Thompson effected no change to the caselaw concerning § 1001 in the Ninth Circuit. Thompson held that 18 U.S.C. § 1014, which prohibits making "false statements," does not separately criminalize misleading statements.[1] Id. at *5. But as the government acknowledged in its opposition to defendant's motion to dismiss, that standard already governed § 1001 charges. As charged in count nineteen of the indictment, defendant's statements were false, not merely misleading.

Second, Thompson clarified that "context is relevant to determining whether a statement is false." Id. at *6. Thompson therefore stands against defendant's efforts to inject ambiguity into the investigator's questions and his false answers. See also id. at *6 (Alito, J., concurring) ("[W]e do not regard a statement as true or false based solely on the literal or semantic meaning of its words viewed in isolation.").

Finally, defendant's argument for dismissing count nineteen remains factual, not legal, and therefore is not cognizable before trial. See United States v. Shortt Accountancy Corp., 785 F.2d 1448,

---

[1] Defendant's notice states that the Supreme Court "vacated Thompson's convictions and remanded the case." (CR 46, at 1.) That is not correct. The Supreme Court vacated the judgment of the court of appeals and left for remand whether the convictions should be upheld because the underlying statements were, in fact, false. Thompson, No. 23-1095, 2025 WL 876266, at *6.

1452 (9th Cir. 1986).  Ultimately it is the jury that must decide whether defendant's statements were false in the context in which they were made and not merely misleading.

Dated: April 4, 2025                    Respectfully submitted,

                                        BILAL A. ESSAYLI
                                        United States Attorney

                                        LINDSEY GREER DOTSON
                                        Assistant United States Attorney
                                        Chief, Criminal Division


                                              /s/
                                        ─────────────────────────────
                                        ALEXANDER B. SCHWAB
                                        Assistant United States Attorney

                                        Attorneys for Plaintiff
                                        UNITED STATES OF AMERICA