# Exhibit 14

AO 89B  (07/16)  Subpoena to Produce Documents, Information, or Objects in a Criminal Case

# UNITED STATES DISTRICT COURT
for the
Central District of California

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | |
| Andrew Left | ) | Case No.  2:24-cr-00456-TJH |
| | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS IN A CRIMINAL CASE

To:    TO:  Novavax Inc., Attn: Custodian of Records
c/o Corporation Service Company, 251 Little Falls Drive, Wilmington, DE 19808

*(Name of person to whom this subpoena is directed)*

**YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following books, papers, documents, data, or other objects:

See Attachment A.

| Place: Dropbox or alternate secure file transfer<br>Dynamis LLP<br>175 Federal Street, Suite 1200, Boston MA 02110 | Date and Time:  01/30/2026 12:00 pm |
|---|---|

Certain provisions of Fed. R. Crim. P. 17 are attached, including Rule 17(c)(2), relating to your ability to file a motion to quash or modify the subpoena; Rule 17(d) and (e), which govern service of subpoenas; and Rule 17(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

(SEAL)

Date:  _____

*CLERK OF COURT*

_____
*Signature of Clerk or Deputy Clerk*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*    Andrew Left
_____ , who requests this subpoena, are:

Eric Rosen. 175 Federal Street, Suite 1200, Boston MA 02110. erosen@dynamisllp.com
+1 617-802-9157

### Notice to those who use this form to request a subpoena

Before requesting and serving a subpoena pursuant to Fed. R. Crim. P. 17(c), the party seeking the subpoena is advised to consult the rules of practice of the court in which the criminal proceeding is pending to determine whether any local rules or orders establish requirements in connection with the issuance of such a subpoena. If no local rules or orders govern practice under Rule 17(c), counsel should ask the assigned judge whether the court regulates practice under Rule 17(c) to 1) require prior judicial approval for the issuance of the subpoena, either on notice or ex parte; 2) specify where the documents must be returned (e.g., to the court clerk, the chambers of the assigned judge, or counsel's office); and 3) require that counsel who receives produced documents provide them to opposing counsel absent a disclosure obligation under Fed. R. Crim. P. 16.

Please note that Rule 17(c) (attached) provides that a subpoena for the production of certain information about a victim may not be issued unless first approved by separate court order.

AO 89B  (07/16)  Subpoena to Produce Documents, Information, or Objects in a Criminal Case  (Page 2)

Case No.   2:24-cr-00456-TJH

## PROOF OF SERVICE

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❒ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❒ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ ____0.00____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

| Print | Save As... | Add Attachment | | Reset |

AO 89B  (07/16)  Subpoena to Produce Documents, Information, or Objects in a Criminal Case (Page 3)

## Federal Rule of Criminal Procedure 17 (c), (d), (e), and (g) (Effective 12/1/08)

**(c)  Producing Documents and Objects.**

    **(1)  In General.** A subpoena may order the witness to produce any books, papers, documents, data, or other objects the subpoena designates. The court may direct the witness to produce the designated items in court before trial or before they are to be offered in evidence. When the items arrive, the court may permit the parties and their attorneys to inspect all or part of them.

    **(2)  Quashing or Modifying the Subpoena.** On motion made promptly, the court may quash or modify the subpoena if compliance would be unreasonable or oppressive.

    **(3)  Subpoena for Personal or Confidential Information About a Victim.** After a complaint, indictment, or information is filed, a subpoena requiring the production of personal or confidential information about a victim may be served on a third party only by court order. Before entering the order and unless there are exceptional circumstances, the court must require giving notice to the victim so that the victim can move to quash or modify the subpoena or otherwise object.

**(d)  Service.** A marshal, a deputy marshal, or any nonparty who is at least 18 years old may serve a subpoena. The server must deliver a copy of the subpoena to the witness and must tender to the witness one day's witness-attendance fee and the legal mileage allowance. The server need not tender the attendance fee or mileage allowance when the United States, a federal officer, or a federal agency has requested the subpoena.

**(e)  Place of Service.**

    **(1)  In the United States.** A subpoena requiring a witness to attend a hearing or trial may be served at any place within the United States.

    **(2)  In a Foreign Country.** If the witness is in a foreign country, 28 U.S.C. § 1783 governs the subpoena's service.

**(g)  Contempt.** The court (other than a magistrate judge) may hold in contempt a witness who, without adequate excuse, disobeys a subpoena issued by a federal court in that district. A magistrate judge may hold in contempt a witness who, without adequate excuse, disobeys a subpoena issued by that magistrate judge as provided in 28 U.S.C. § 636(e).

## ATTACHMENT A

### PART I - DEFINITIONS AND INSTRUCTIONS

### A. Definitions

"Novavax" means Novavax Inc. and its investor relations and corporate communications functions.

"NVAX" means Novavax Inc. common stock traded under ticker symbol NVAX.

"Document(s)" means non-privileged writings and records in any form (PDF, PPT, DOC, email, etc.).

"Final" means a version that Novavax circulated externally or used internally as an approved talking point, Q&A, script, or presentation. It excludes drafts.

Citron Statement means the communications or information disseminated by Citron Research or Andrew Left concerning NVAX on April 20, 2020 as alleged in Count 15 of the Indictment in *United States v. Andrew Left* (24-cr-456).

As much as Citron wants a vaccine $NVAX is a serial promise and non deliver on every virus. Insiders sold most holding 85% lower last year. Bal sheet upside down and $$ is needed for NanoFlu. Expect secondary soon and stock back to $15. Retail mania!!

— Citron Research (@CitronResearch) April 20, 2020

### B. Scope limitations

Time window: April 1, 2020 through May 30, 2020 only ("Timeframe").

Subject matter: limited to NVAX stock price/valuation and communications about the April 20, 2020 Citron Statement, press or investor inquiries referencing Citron Research or Andrew Left, and inquiries regarding NVAX's stock price movement or trading activity on or about April 13-April 27, 2020.

### C. Production format

Produce as PDF (or native PPT for slide decks), Bates-stamped if convenient.

If you have nothing responsive, provide a short letter stating "No responsive, non-privileged documents located after reasonable search under Attachment A."

1

**PART II - REQUESTED DOCUMENTS**

**Request 1**

All non-privileged investor relations or corporate communications "talking points," "Q&A," scripts, or prepared statements created during the Timeframe that refer or relate to any of the following:

the April 20, 2020 Citron Statement about NVAX, or

any decision-making, drafting, review, approval, or instructions concerning media appearances, interviews, or public responses regarding that Citron Statement, or

the success or lack thereof of vaccines; or,

press, analyst, shareholder, or investor inquiries concerning Citron Research, Andrew Left, that Citron Statement, and/or NVAX's stock price movement or trading activity on or about April 20-April 27, 2020, or

Novavax's messaging about NVAX's stock price run-up, valuation, volatility, unusual trading, retail-driven trading, or short-seller commentary during the weeks of April 1 through April 30, 2020.

**Request 2**

Presentations, memos or communications created during the Timeframe that discuss NVAX stock valuation or unusual trading, including, but not limited to:

retail trading (including Robinhood or other retail-focused platforms), or

"bubble," "overvalued," "disconnected from fundamentals," or similar valuation/quality concerns, or

anticipated or observed stock price volatility or pullback, including event-driven volatility, or

internal monitoring, reporting, or assessment of unusual trading volume, short interest, or market reaction during the weeks of April 1 through May 15, 2020, including communications reflecting review or dissemination of such information to senior management or other internal stakeholders.

**Request 3**

Any non-privileged communication (including email or memoranda) created during the Timeframe between Novavax (investor relations or corporate

communications) and any media outlet, investor, analyst, or shareholder, that specifically references Citron Research, Andrew Left, the Citron Statement, or NVAX's stock price movement or trading activity during the weeks of April 1 through May 15, 2020.