**DYNAMIS LLP**

ERIC S. ROSEN (*pro hac vice*)
erosen@dynamisllp.com
MICHAEL B. HOMER (*pro hac vice*)
mhomer@dynamisllp.com
EMILY J. SCARISBRICK (*pro hac vice*)
escarisbrick@dynamisllp.com
175 Federal Street, Suite 1200
Boston, Massachusetts 02110
(617) 802-9157

YUSEF AL-JARANI (Cal. Bar No. 351575)
yaljarani@dynamisllp.com
1100 Glendon Ave., 17th Floor
Los Angeles, California 90024
(213) 283-0685

*Attorneys for Andrew Left*

**AARON KATZ LAW LLC**

AARON KATZ (*pro hac vice*)
akatz@aaronkatzlaw.com
399 Boylston Street, 6th Floor
Boston, MA 02116
(617) 915-6305

**WEIL, GOTSHAL & MANGES LLP**

ADAM FEE (Cal. Bar No. 345075)
adamfee@weil.com
BEN NICHOLSON (Cal Bar No. 317970)
ben.nicholson@weil.com
1999 Avenue of the Stars, Suite 1800
Los Angeles, CA 90067
(213) 667-5100

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>ANDREW LEFT,<br><br>Defendant. | Case No. 2:24-cr-00456-VAP<br><br>**ANDREW LEFT'S SUPPLEMENTAL JURY INSTRUCTIONS IN ACCORDANCE WITH DKT. 328**<br><br>Trial Date:  May 11, 2026<br>Time:  8:00 a.m.<br>Ctrm:  580<br>Judge:  Hon. Virginia A. Phillips |

Defendant Andrew Left, by and through his counsel of record, hereby submits these supplemental limiting instructions pursuant to this Court's Order on Motions in Limine (Dkt. 328) at pages 19 and 20 (instructing parties to submit proposed jury instruction and limiting instruction promptly after Final Pretrial Conference).

Dated: May 2, 2026                    Respectfully submitted,

                                      DYNAMIS LLP

                                      */s/ Eric S. Rosen*
                                      Eric S. Rosen (*pro hac vice*)
                                      Michael B. Homer (*pro hac vice*)
                                      Yusef Al-Jarani
                                      Emily J. Scarisbrick (*pro hac vice*)

                                      AARON KATZ LAW LLC
                                      Aaron Katz (*pro hac vice*)

                                      WEIL, GOTSHAL & MANGES LLP
                                      Adam Fee
                                      Ben Nicholson

                                      *Attorneys for Andrew Left*

## SUPPLEMENTAL JURY INSTRUCTION NO. 1[1]

You will hear (or have heard) evidence concerning Mr. Left's trading decisions, including the timing of trades made before, during, and after the publication of his commentary. I instruct you on four matters of law that govern your consideration of that evidence.

*First*, the federal securities laws do not require a market commentator to disclose his own trading positions, his trading intentions, or any change to his trading positions. There is no general legal requirement that a person who comments publicly about a security must also disclose what he is doing in his own account.

*Second*, the federal securities laws do not impose any minimum holding period on a market commentator. A market commentator is permitted to buy a security and then to sell that security at any time of his choosing, including immediately after publishing commentary about that security. That Mr. Left may have exited a position quickly after publishing commentary on the stock is not, by itself, unlawful.

*Third*, the timing of Mr. Left's trades, standing alone, is not sufficient to establish securities fraud or a scheme to commit securities fraud. The government is required to prove beyond a reasonable doubt every element of the charged offense, including that Mr. Left made a materially false or misleading statement of fact. The mere timing of trades, without proof of a false statement or misleading statement, does not satisfy that requirement. Likewise, evidence that Mr. Left did not completely disclose his trading positions, trading strategies, and trading intention does not, standing alone, satisfy that requirement.

*Fourth*, Mr. Left was not required to provide investors with real-time updates about his trading activity or his trading plans. The federal securities laws do not impose such a requirement.

---

[1] The defense requests that this instruction be provided both at the beginning and at the conclusion of the case.

- 1 -

**Authorities**: *Chiarella v. United States*, 445 U.S. 222, 228, 232–35 (1980); *Dirks v. SEC*, 463 U.S. 646, 654–55 (1983); *Basic Inc. v. Levinson*, 485 U.S. 224, 239 n.17 (1988); *Macquarie Infrastructure Corp. v. Moab Partners, L.P.*, 601 U.S. 257, 263–65 (2024); Order on Motions in Limine, Dkt. 328 at 18–19 ("[A]bsence of securities position disclosures alone is insufficient to form the basis of a securities fraud charge, and the Government may not rely on any such argument at trial."); Gov't Opp. to Grand Jury Mot., Dkt. 211 at 11 n.7 (conceding no holding-period requirement); Gov't Reply, Dkt. 248 at 19–20 (further concessions).

**SUPPLEMENTAL JURY INSTRUCTION NO. 2**

You have heard evidence concerning Mr. Left's relationship with the hedge fund Atom Investors. That evidence has been admitted for a limited purpose only: to permit you to consider whether the relationship bears on the existence of the securities fraud scheme alleged in the indictment, or on Mr. Left's intent. You may consider the Atom Investors evidence only for those limited purposes.

You may not use the Atom Investors evidence for any other purpose. In particular, you may not infer from that evidence that Mr. Left has a bad character, that he has a propensity to commit fraud, or that he is more likely to have committed the offenses charged in this case because he had a business relationship with Atom Investors. Such an inference is not permitted by law.

Mr. Left has not been charged with any offense based on his relationship with Atom Investors. There is no legal requirement that Mr. Left disclose to the public his relationship with Atom Investors or any other hedge fund. He is on trial for, and may be convicted only of, the specific acts and statements alleged in the indictment. To convict Mr. Left on any count, the government must prove every element of that count beyond a reasonable doubt, based on the conduct alleged in that count.

If, after considering all of the evidence, you have a reasonable doubt as to whether the government has proved any element of any charged offense, you must acquit Mr. Left on that count. That is so regardless of any view you may have formed about Mr. Left's relationship with Atom Investors.

**Authorities:** Fed. R. Evid. 404(b)(1); Ninth Circuit Model Criminal Jury Instruction 3.3 cmt. (Other Crimes, Wrongs or Acts of Defendant) ("Evidence of other crimes, wrongs or acts may be admissible for one purpose but not another; therefore, this instruction is required by Fed. R. Evid. 105 ('If the court admits evidence that is admissible against a party or for a purpose—but not admissible against another party or for another purpose—the court, on timely request, must restrict the evidence to its proper scope and instruct the jury accordingly.')"); *Huddleston v. United States*, 485 U.S. 681, 691–92 (1988); Order on Motions in Limine, Dkt. 328 at 19–20.