**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

United States of America,

             Plaintiff,

          v.

Andrew Left,

             Defendant.

2:24-cr-00456-VAP-1

**AMENDED PRELIMINARY JURY INSTRUCTIONS**

Dated:    5/11/26

Virginia A. Phillips
Senior United States District Judge

1

United States District Court
Central District of California

COURT'S INSTRUCTION NO. 1.

DUTY OF JURY

Jurors: You now are the jury in this case, and I want to take a few minutes to tell you something about your duties as jurors and to give you some preliminary instructions.  At the end of the trial, I will give you more detailed written instructions that will control your deliberations.

When you deliberate, it will be your duty to weigh and to evaluate all the evidence received in the case and, in that process, to decide the facts.  To the facts as you find them, you will apply the law as I give it to you, whether you agree with the law or not.  You must decide the case solely on the evidence and the law before you.

Perform these duties fairly and impartially.  You should not be influenced by any person's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances.  Also, do not allow yourself to be influenced by personal likes or dislikes, sympathy, prejudice, fear, public opinion, or biases, including unconscious biases.  Unconscious biases are stereotypes, attitudes, or preferences that people may consciously reject but may be expressed without conscious awareness, control, or intention.  Like conscious bias, unconscious bias can affect how we evaluate information and make decisions.

United States District Court
Central District of California

COURT'S INSTRUCTION NO. 2.

PRESUMPTION OF INNOCENCE

This is a criminal case brought by the United States government.  The government charges the defendant with securities fraud.  The charges against the defendant are contained in the First Superseding Indictment.  The First Superseding Indictment simply describes the charges the government brings against the defendant.  The First Superseding Indictment is not evidence and does not prove anything.

The defendant has pleaded not guilty to the charges and is presumed innocent unless and until the government proves the defendant guilty beyond a reasonable doubt.  In addition, the defendant has the right to remain silent and never has to prove innocence or present any evidence.

To help you follow the evidence, I will now give you a brief summary of the case.

The Government has charged the defendant, Andrew Left, with securities fraud for allegedly engaging in a market manipulation scheme and making false and misleading statements related to a number of stocks.

Andrew Left is the founder of Citron Research, a financial commentary platform that has published investment research and analysis about publicly traded companies for approximately twenty years, through reports, media appearances and social media posts.  The Government

alleges that between 2018 and 2023 defendant Andrew Left violated federal securities laws by engaging in a scheme whereby he made materially false and misleading public statements about certain stocks while also trading in those stocks.

Defendant Left has pleaded not guilty to all charges and denies these charges.  The indictment is not evidence of guilt.  As previously stated, a defendant is presumed innocent unless and until the Government proves his guilt beyond a reasonable doubt.

This case relates to a number of securities, or stocks, including the following: American Airlines Group Inc. ("AAL"); Beyond Meat Inc. ("BYND"); Chegg, Inc ("CHGG"); Cronos Group Inc. ("CRON"); Facebook Inc. ("FB"); Fleetcor Technologies, Inc. ("FLT") now known as Corpay; General Electric Company ("GE"); Grand Canyon Education, Inc. ("LOPE"); Luckin Coffee Inc. ("LK"); McKesson Corporation ("MCK"); Namaste Technologies Inc. ("NXTTF"); Novavax Inc. ("NVAX"); Nvidia Corp. ("NVDA"); India Globalization Capital Inc. ("IGC"); Invitae Corp. ("NVTA"); Palantir Technologies Inc. ("PLTR"); PolarityTE Inc. ("PTE"); Roku Inc.("ROKU"); Tesla Inc. ("TSLA") Twitter Inc. ("TWTR"); and XL Fleet Corp. ("XL").

COURT'S INSTRUCTION NO. 3.

The evidence you are to consider in deciding what the facts are consists of:

First, the sworn testimony of any witness;

Second, the exhibits that are received in evidence; and

Third, any facts to which the parties agree.

United States District Court
Central District of California

United States District Court
Central District of California

COURT'S INSTRUCTION NO. 4.

In reaching your verdict you may consider only the testimony and exhibits received in evidence.  The following things are not evidence and you may not consider them in deciding what the facts are:

1. Questions, statements, objections, and arguments by the lawyers are not evidence.  The lawyers are not witnesses.  Although you must consider a lawyer's questions to understand the answers of a witness, the lawyer's questions are not evidence.  Similarly, what the lawyers have said in their opening statements, closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence.  If the facts as you remember them differ from the way the lawyers state them, your memory of them controls.

2. Any testimony that I have excluded, stricken, or instructed you to disregard is not evidence.  In addition, some evidence was received only for a limited purpose; when I have instructed you to consider certain evidence in a limited way, you must do so.

3. Anything you may have seen or heard when the court was not in session is not evidence.  You are to decide the case solely on the evidence received at the trial.

United States District Court
Central District of California

COURT'S INSTRUCTION NO. 5.

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which one can find another fact.

By way of example, if you wake up in the morning and see that the sidewalk is wet, you may find from that fact that it rained during the night.  However, other evidence, such as a turned-on garden hose, may provide an explanation for the water on the sidewalk.  Therefore, before you decide that a fact has been proved by circumstantial evidence, you must consider all the evidence in the light of reason, experience, and common sense.

You are to consider both direct and circumstantial evidence.  Either can be used to prove any fact.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

COURT'S INSTRUCTION NO. 6.

There are rules of evidence that control what can be received in evidence. When a lawyer asks a question or offers an exhibit in evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered or the exhibit received. If I sustain the objection, the question cannot be answered, or the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer would have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence. That means that when you are deciding the case, you must not consider the evidence that I told you to disregard.

United States District Court
Central District of California

COURT'S INSTRUCTION NO. 7.

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1) the opportunity and ability of the witness to see or hear or know the things testified to;

(2) the witness's memory;

(3) the witness's manner while testifying;

(4) the witness's interest in the outcome of the case, if any;

(5) the witness's bias or prejudice, if any;

(6) whether other evidence contradicted the witness's testimony;

(7) the reasonableness of the witness's testimony in light of all the evidence; and

(8) any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said.  Sometimes different witnesses will give different versions of what happened.  People often forget things or make mistakes in what they remember.  Also, two people may see the same event but remember it differently.  You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

United States District Court
Central District of California

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said.  On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

You must avoid bias, conscious or unconscious, based on a witness's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances in your determination of credibility.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.  What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

United States District Court
Central District of California

COURT'S INSTRUCTION NO. 8

COUNT ONE—SECURITIES FRAUD IN VIOLATION OF

18 U.S.C. § 1348(1)

The defendant is charged in Count One of the First Superseding Indictment with committing a securities fraud scheme in violation of Section 1348 of Title 18 of the United States Code.  In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant executed or attempted to execute a scheme or artifice to defraud a person or entity;

Second, the statements made or facts omitted as part of the scheme were material, that is, they had a natural tendency to influence, or were capable of influencing, a person to part with money or property;

Third, the defendant did so knowingly and with intent to defraud, that is, the intent to deceive and cheat; and

Fourth, the scheme or artifice to defraud was in connection with any security as defined in the next instruction.

In determining whether a scheme to defraud exists, you may consider not only the defendant's words and statements, but also the circumstances in which they are used as a whole.

COURT'S INSTRUCTION NO. 9

For purposes of Count One of the First Superseding Indictment, a security that forms the basis of a conviction under 18 U.S.C. Section 1348(1) must be of an issuer with a class of securities registered under Section 12 of the Securities Exchange Act or that was required to file reports under Section 15(d) of the Securities Exchange Act.

United States District Court
Central District of California

United States District Court
Central District of California

COURT'S INSTRUCTION NO. 10

For purposes of Count One of the First Superseding Indictment, Namaste Technologies Inc. ("NXTTF") is not a security of an issuer with a class of securities registered or reported under Sections 12 and 15(d) of the Securities Exchange Act of 1934, and thus a scheme or artifice to defraud any person in connection with Namaste's securities cannot serve as the sole basis for which the defendant is convicted under 18 U.S.C. § 1348(1). Nevertheless, conduct related to securities not covered under Section 12 or 15(d) of the Securities Exchange Act of 1934, including Namaste Technologies Inc's securities, may be relevant to a scheme or artifice to defraud any person in connection with a security of an issuer with a class of securities that is registered under Section 12 Securities Exchange Act of 1934 and reported under Section 15(d) of the Securities Exchange Act of 1934.

COURT'S INSTRUCTION NO. 11

COUNT ONE—KNOWINGLY DEFINED

For purposes of Count One, an act is done knowingly if the defendant is aware of the act and does not act through ignorance, mistake, or accident.  The government is not required to prove that the defendant knew that his acts or omissions were unlawful.  You may consider evidence of the defendant's words, acts, or omissions, along with all the other evidence, in deciding whether the defendant acted knowingly.

United States District Court
Central District of California

United States District Court
Central District of California

COURT'S INSTRUCTION NO. 12

COUNT ONE—SPECIFIC UNANIMITY

In order to find the defendant guilty on Count One, all members of the jury must agree unanimously that the Government proved all four elements of Count One and, if so, that the scheme was executed in connection with the same security of an issuer with a class of securities registered under Section 12 of the Securities Exchange Act or that was required to file reports under Section 15(d) of the Securities Exchange Act.

You must unanimously agree on the specific conduct for which you are convicting the defendant, including specification of the subject securities.  It is not sufficient that some jurors believe the defendant committed fraud in connection with certain securities and other jurors believe the defendant committed fraud in connection with different securities.  You must all agree as to each security.

If you unanimously find defendant guilty in connection with the same security, you must indicate which security on the verdict form.  You may select more than one security on the verdict form for Count One so long as you are unanimous as to each selected security.

## COURT'S INSTRUCTION NO. 13

### COUNTS TWO THROUGH SEVENTEEN—SECURITIES FRAUD IN VIOLATION OF 15 U.S.C. § 78j(b)

The defendant is charged in Counts Two through Seventeen of the First Superseding Indictment with securities fraud in violation Section 78j(b) of Title 15 of the United States Code. Each count alleges that on or about the date specified, the defendant used manipulative and deceptive devices, made false or misleading statements, or engaged in a fraudulent scheme in connection with the purchase and sale of securities of the issuer identified as follows:

| Count | Date (On or About) | Security |
| --- | --- | --- |
| Two | August 30, 2018 | Cronos Group Inc. (CRON) |
| Three | October 4, 2018 | Namaste Technologies Inc. (NXTTF) |
| Four | October 18, 2018 | PolarityTE Inc. (PTE) |
| Five | October 23, 2018 | Tesla, Inc. (TSLA) |
| Six | November 20, 2018 | NVIDIA Corporation (NVDA) |
| Seven | December 20, 2018 | Twitter, Inc. (TWTR) |
| Eight | December 26, 2018 | Facebook, Inc. (FB) |
| Nine | January 8, 2019 | Roku, Inc. (ROKU) |
| Ten | May 17, 2019 | Beyond Meat, Inc. (BYND) |
| Eleven | July 31, 2019 | Invitae Corporation (NVTA) |
| Twelve | August 16, 2019 | General Electric Company (GE) |
| Thirteen | January 31, 2020 | Luckin Coffee Inc. (LK) |
| Fourteen | April 20, 2020 | Novavax, Inc. (NVAX) |

United States District Court
Central District of California

| Fifteen | June 5, 2020 | American Airlines Group Inc. (AAL) |
| Sixteen | November 27, 2020 | Palantir Technologies Inc. (PLTR) |
| Seventeen | December 23, 2020 | XL Fleet Corp. (XL) |

For the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant willfully used a device or scheme to defraud someone, made an untrue statement of material fact, failed to disclose a material fact that resulted in making the defendant's statements misleading, or engaged in any act, practice, or course of business that operates or would operate as a fraud or deceit upon any person;

Second, the defendant's acts were undertaken, statement was made, or failure to disclose was done in connection with the purchase or sale of the security charged in the specific count;

Third, the defendant directly or indirectly used a national securities exchange (i.e., New York Stock Exchange ("NYSE") or National Association of Securities Dealers Automated Quotations Stock Market ("NASDAQ")) or used a means or instrumentality of interstate commerce in connection with these acts (i.e., the purchase of the security charged in the specific count);

Fourth, the defendant acted knowingly.

United States District Court
Central District of California

United States District Court
Central District of California

For the purposes of this count, "willfully" means intentionally undertaking an act, making an untrue statement, or failing to disclose for the wrongful purpose of defrauding or deceiving someone.  Acting willfully does not require that the defendant know that the conduct was unlawful.  You may consider evidence of the defendant's words, acts, or omissions, along with all the other evidence, in deciding whether the defendant acted willfully.

For the purposes of this count, "knowingly" means to make a statement or representation in respect to a material fact that is untrue and known to the defendant to be untrue, to fail to state something that the defendant knows is necessary to make other statements true, or intentional conduct that is undertaken to control or affect the price of securities.  An act is done, a statement is made, or a failure to disclose is done knowingly if the defendant is aware of the act, the statement, or the failure to disclose and did not act, make the statement, or fail to disclose through ignorance, mistake or accident.  The government is not required to prove that the defendant knew that his acts were unlawful, it was unlawful to make the statement, or his failure to disclose was unlawful.  You may consider evidence of the defendant's words, acts, or omissions, along with all the other evidence, in deciding whether the defendant acted knowingly.

For the purposes of this count, "reckless" means highly unreasonable conduct that is an extreme departure from ordinary care, presenting a danger of misleading investors, which is either known to the defendant or so obvious that the defendant must have been aware of it.

A fact is material if there is a substantial likelihood that a reasonable investor would consider it important in making the decision to purchase or sell securities.

It is not necessary that an untrue statement passed through or over a national securities exchange (i.e., NYSE or NASDAQ) or an instrumentality of interstate commerce so long as the national security exchange or instrumentality of interstate commerce was used as a part of the purchase or sale transaction

It is not necessary that the defendant made a profit or that anyone actually suffered a loss.

COURT'S INSTRUCTION NO. 14


Conduct that is "in connection with" the purchase or sale of a security, as alleged in the First Superseding Indictment, means the conduct had some relationship to or was connected with the purchase or sale of securities.

United States District Court
Central District of California

United States District Court
Central District of California

COURT'S INSTRUCTION NO. 15

I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty.  Thus, until the end of the case or unless I tell you otherwise:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it.  This restriction includes discussing the case in person, in writing, by phone, tablet, or computer, or any other means, via email, via text messaging, or any Internet chat room, blog, website or application, including but not limited to Facebook, YouTube, the platform "X" formerly known as Twitter, Instagram, LinkedIn, Snapchat, TikTok, or any other forms of social media.  This restriction also applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, the media or press, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case, and how long you expect the trial to last.  But, if you

are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter.  In addition, you must report the contact to the court.

Because you will receive all the evidence and legal instruction you properly may consider to return a verdict: do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.  Do not visit or view any place discussed in this case, and do not use the Internet or any other resource to search for or view any place discussed during the trial.  Also, do not do any research about this case, the law, or the people involved—including the parties, the witnesses or the lawyers—until you have been excused as jurors.  If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court.  Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process.  If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete, or misleading

information that has not been tested by the trial process.  Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial.  Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over.  If any juror is exposed to any outside information, please notify the court immediately.

United States District Court
Central District of California

COURT'S INSTRUCTION NO. 16

If you wish, you may take notes to help you remember the evidence. If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case.  Do not let note-taking distract you from being attentive.  When you leave court for recesses, your notes should be left in the jury room.  No one will read your notes.

Whether or not you take notes, you should rely on your own memory of the evidence.  Notes are only to assist your memory.  You should not be overly influenced by your notes or those of your fellow jurors.