**DYNAMIS LLP**

ERIC S. ROSEN (*pro hac vice*)
erosen@dynamisllp.com
MICHAEL B. HOMER (*pro hac vice*)
mhomer@dynamisllp.com
EMILY J. SCARISBRICK (*pro hac vice*)
escarisbrick@dynamisllp.com
175 Federal Street, Suite 1200
Boston, Massachusetts 02110
(617) 802-9157

YUSEF AL-JARANI (Cal. Bar No. 351575)
yaljarani@dynamisllp.com
1100 Glendon Ave., 17th Floor
Los Angeles, California 90024
(213) 283-0685

*Attorneys for Andrew Left*

**AARON KATZ LAW LLC**

AARON KATZ (*pro hac vice*)
akatz@aaronkatzlaw.com
399 Boylston Street, 6th Floor
Boston, MA 02116
(617) 915-6305

**WEIL, GOTSHAL & MANGES LLP**

ADAM FEE (Cal. Bar No. 345075)
adamfee@weil.com
BEN NICHOLSON (Cal Bar No. 317970)
ben.nicholson@weil.com
1999 Avenue of the Stars, Suite 1800
Los Angeles, CA 90067
(213) 667-5100

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA

v.

ANDREW LEFT,

Defendant.

Case No. 2:24-cr-00456-VAP

**ANDREW LEFT'S AMENDED SUPPLEMENTAL JURY INSTRUCTION NO. 1 IN ACCORDANCE WITH DKT. 328**

Trial Date:  May 11, 2026
Time:        8:00 a.m.
Ctrm:        8C
Judge:       Hon. Virginia A. Phillips

Defendant Andrew Left, by and through his counsel of record, hereby submits this Amended Supplemental Instruction No. 1 pursuant to this Court's Order on Motions in Limine (Dkt. 328 at 19–20) and instruction during the pre-trial colloquy on May 12, 2026.

Dated: May 12, 2026

Respectfully submitted,

DYNAMIS LLP

*/s/ Eric S. Rosen*
Eric S. Rosen (*pro hac vice*)
Michael B. Homer (*pro hac vice*)
Yusef Al-Jarani
Emily J. Scarisbrick (*pro hac vice*)

AARON KATZ LAW LLC
Aaron Katz (*pro hac vice*)

WEIL, GOTSHAL & MANGES LLP
Adam Fee
Ben Nicholson

*Attorneys for Andrew Left*

## SUPPLEMENTAL JURY INSTRUCTION NO. 1[1]

You have heard evidence concerning Mr. Left's trading and his published commentary about securities. I instruct you on the following principles of law that apply to your consideration of that evidence.

The law does not impose a duty on a person who publishes commentary about a publicly traded security to disclose his trading positions or trading intentions regarding that security. The law does not impose a minimum period during which a person who publishes commentary about a publicly traded security must hold that security before trading it.

**Authorities**: *Chiarella v. United States*, 445 U.S. 222, 228, 232–35 (1980); *Dirks v. SEC*, 463 U.S. 646, 654–55 (1983); *Basic Inc. v. Levinson*, 485 U.S. 224, 239 n.17 (1988); *Macquarie Infrastructure Corp. v. Moab Partners, L.P.*, 601 U.S. 257, 263–65 (2024); Order on Motions in Limine, Dkt. 328 at 18–19 ("[A]bsence of securities position disclosures alone is insufficient to form the basis of a securities fraud charge, and the Government may not rely on any such argument at trial."); Gov't Opp. to Grand Jury Mot., Dkt. 211 at 11 n.7 (conceding no holding-period requirement); Gov't Reply, Dkt. 248 at 19–20 (further concessions).

---

[1] The defense requests that this instruction be provided both at the beginning and at the conclusion of the case.

- 1 -