**DYNAMIS LLP**

ERIC S. ROSEN (*pro hac vice*)
erosen@dynamisllp.com
MICHAEL B. HOMER (*pro hac vice*)
mhomer@dynamisllp.com
EMILY J. SCARISBRICK (*pro hac vice*)
escarisbrick@dynamisllp.com
175 Federal Street, Suite 1200
Boston, Massachusetts 02110
(617) 802-9157

YUSEF AL-JARANI (Cal. Bar No. 351575)
yaljarani@dynamisllp.com
1100 Glendon Ave., 17th Floor
Los Angeles, California 90024
(213) 283-0685

**AARON KATZ LAW LLC**

AARON KATZ (*pro hac vice*)
akatz@aaronkatzlaw.com
399 Boylston Street, 6th Floor
Boston, MA 02116
(617) 915-6305

**WEIL, GOTSHAL & MANGES LLP**

ADAM FEE (Cal. Bar No. 345075)
adamfee@weil.com
BEN NICHOLSON (Cal. Bar No. 317970)
ben.nicholson@weil.com
1999 Avenue of the Stars, Suite 1800
Los Angeles, CA 90067
(213) 667-5100

*Attorneys for Defendant Andrew Left*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>ANDREW LEFT,<br><br>Defendant. | Case No. 2:24-cr-00456-VAP<br><br>**ANDREW LEFT'S MOTION FOR ORDER REQUIRING THE GOVERNMENT TO MODIFY DEMONSTRATIVE**<br><br>Date:    May 13, 2026<br>Time:    8:00 a.m.<br>Ctrm:    8C<br>Judge:    Hon. Virginia A. Phillips |

## NOTICE OF MOTION AND MOTION

TO THE PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on May 14, 2026 at 8:00 a.m., the defense moves for an order precluding the government from using during its direct examination of Inspector Hallstrom (or any other witness) a proposed demonstrative that is just an argumentative diagram of the government's prosecution theory. The government's proposed demonstrative is the following:



As explained below, the government should be required to modify this demonstrative to omit the references to "false or misleading" and "immediately trade in opposite direction."

2:24-CR-00456-VAP
ANDREW LEFT'S MOTION FOR ORDER REQUIRING GOVERNMENT TO MODIFY DEMONSTRATIVE

Dated: May 13, 2026

Respectfully submitted,

DYNAMIS LLP

*/s/ Eric S. Rosen*
Eric S. Rosen (*pro hac vice*)
Michael B. Homer (*pro hac vice*)
Yusef Al-Jarani
Emily J. Scarisbrick (*pro hac vice*)

AARON KATZ LAW LLC
Aaron Katz (*pro hac vice*)

WEIL, GOTSHAL & MANGES LLP
Adam Fee
Ben Nicholson

*Attorneys for Andrew Left*

2:24-cr-00456-VAP
ANDREW LEFT'S MOTION FOR ORDER REQUIRING GOVERNMENT TO MODIFY DEMONSTRATIVE

Last night, the government sent the defense the exhibits that it plans to use on its direct examination of Inspector Hallstrom, who served as one of the lead case agents on the investigation of Mr. Left.  The government also sent the defense a PowerPoint slide that it proposes to use as a non-evidentiary demonstrative during Inspector Hallstrom's testimony.  As explained below, the government's argumentative demonstrative is unfairly prejudicial and risks misleading the jury.  The defense therefore requests that the Court require the government to modify its demonstrative before presenting it to the jury.

Federal Rule of Evidence 611(a) governs the use of demonstratives at trial.  The purpose of a demonstrative is to aid the jury's understanding of evidence that has been admitted.  *See, e.g.*, *United States v. Janati*, 374 F.3d 263, 273 (4th Cir. 2004).  Because a demonstrative itself is not evidence, it "may include witnesses' conclusions or opinions, or they may reveal inferences drawn in a way that would assist the jury."  *Id.* (explaining that a court "should make clear to the jury" that the demonstrative is not "evidence [itself]").  But Rule 611(a) and Rule 403 require the demonstrative to do so fairly, consistent with the evidence, and not in a way that is unfairly prejudicial.  *See, e.g.*, *Derouin v. Kenneth L. Kellar Truck Lines*, 2010 WL 11684278, at *4 (W.D. Wash. Nov. 8, 2010).  "Demonstrative evidence requires particularly careful judicial monitoring under [Rule] 611(a) because of its capacity to mislead and because of the potent, and often inalterable, image it leaves in jurors' minds." *Id.* (internal quotation marks omitted).

Here, the government's proposed demonstrative is unfairly prejudicial and risks misleading or confusing the jury for two reasons:

First, rather than summarize admissible evidence, the demonstrative is captioned "Defendant's Scheme," which assumes the existence of the very scheme the jury is convened to decide.  The government is, in effect, attempting to use the

- 1 -

2:24-CR-00456-VAP
ANDREW LEFT'S MOTION FOR ORDER REQUIRING GOVERNMENT TO MODIFY DEMONSTRATIVE

demonstrative to rehash arguments already presented in opening—arguments that thus far have yet to be proven.

Second, the demonstrative embeds a disputed ultimate conclusion that Inspector Hallstrom is not qualified to offer, lacks foundation in the evidence that the government has admitted or will be able to admit through Inspector Hallstrom, and should be left solely to the province of the jury—namely, that Mr. Left's speech was "false or misleading."  Inspector Hallstrom is a postal inspector.  She is not stock market expert, a securities law expert, an expert in what information is material to reasonable investors, or an expert in the particular stocks or companies at issue.  Thus, she lacks any adequate foundation to provide the jury an admissible lay opinion about whether Mr. Left's speech was "false or misleading."  Nor has the government introduced evidence through *any other witness* sufficient to establish that Mr. Left's publications were "false or misleading."  Insofar as Inspector Hallstrom is not permitted *to testify* that Mr. Left's speech was "false or misleading," she should not be permitted to sponsor a *demonstrative* that says the exact same thing.  The defense has no objection to a modified demonstrative stating that Mr. Left's publications did not disclose his exact post-publication trading strategy.[1]

Second, the demonstrative states that Mr. Left "immediately trad[ed] in the opposite direction" of his speech.  In its opening statement, the government repeatedly invoked this "opposite direction" phrase to describe Mr. Left's trades.  That phrase, however, is demonstrably inaccurate in the context of the facts of the case, and the Court should prohibit the government from using it any further.  A trader can execute

[1] Whether that non-disclosure rendered Mr. Left's affirmative statements "false and misleading" is not one on which Inspector Hallstrom (a member of the prosecution team) should be permitted to opine from the witness stand.  The government's opportunity to argue its case is summation, not the testimony of a prosecution team member who has no particular expertise in securities.  Ultimate issue testimony from Inspector Hallstrom would be particularly prejudicial given that she will be sitting immediately adjacent to the jury box every day during trial.

the following types of trades in common stock: buy, sell, sell short, and buy-to-cover. Reducing or fully closing an existing long position after publishing a bullish opinion is not "trading opposite" of the opinion. Likewise, reducing or fully covering an existing short position after publishing a bearish opinion is not "trading opposite" of the opinion. "Trading opposite" of a bullish publication would be waiting for price to rise in reaction to the publication and then initiating a short position; and "trading opposite" a bearish publication would be waiting for price to decline in reaction to the publication and then initiating a long position. There is *no evidence* that Mr. Left ever traded in this fashion. The defense has no objection to a modified demonstrative stating that Mr. Left exited or reduced positions for a profit after he published his opinions.

Dated: May 13, 2026

Respectfully submitted,

DYNAMIS LLP

*/s/ Eric S. Rosen*
Eric S. Rosen (*pro hac vice*)
Michael B. Homer (*pro hac vice*)
Yusef Al-Jarani
Emily J. Scarisbrick (*pro hac vice*)

AARON KATZ LAW LLC
Aaron Katz (*pro hac vice*)

WEIL, GOTSHAL & MANGES LLP
Adam Fee
Ben Nicholson

*Attorneys for Andrew Left*

- 3 -
2:24-CR-00456-VAP
ANDREW LEFT'S MOTION FOR ORDER REQUIRING GOVERNMENT TO MODIFY DEMONSTRATIVE

## <u>CERTIFICATE OF COMPLIANCE</u>

I certify, as counsel for Andrew Left, that this memorandum of points and authorities contains 808 words, which complies with the word limit of L.R. 11-6.1.

Dated: May 13, 2026                    *s/ Yusef Al-Jarani*
                                          Yusef Al-Jarani

2:24-CR-00456-VAP
ANDREW LEFT'S MOTION FOR ORDER REQUIRING GOVERNMENT TO MODIFY DEMONSTRATIVE