TODD BLANCHE
Acting Attorney General
BILAL A. ESSAYLI
First Assistant United States Attorney
JENNIFER L. WAIER
Chief Assistant United States Attorney
Chief, Criminal Division
BENEDETTO L. BALDING (Cal. Bar No. 244508)
ANDREW M. ROACH (Cal. Bar No. 293375)
Assistant United States Attorneys
LORINDA I. LARYEA
Chief, Fraud Section
MATTHEW REILLY
Acting Assistant Chief
Criminal Division, Fraud Section
     1200/1100 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-1259/2274
     E-mail:  benedetto.balding@usdoj.gov
              andrew.roach@usdoj.gov
              matthew.reilly2@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. 2:24-cr-00456-VAP |
|---|---|
| Plaintiff, | GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION TO ADMIT OPPOSING PARTY ADMISSION |
| v. | |
| ANDREW LEFT, | Hearing Date: May 26, 2026 |
| Defendant. | Time: 8:00 a.m.<br>Ctrm: 8C<br>Judge: Hon. Virginia A. Phillips |

     The United States of America, by and through its counsel of record, the First Assistant United States Attorney for the Central District of California, the Chief of the Fraud Section of the Criminal Division of the U.S. Department of Justice, Assistant United States Attorneys Benedetto L. Balding and Andrew M. Roach and Acting

Assistant Chief Matthew Reilly, hereby files its opposition to defendant's motion to admit opposing party admission (ECF No. 381).

This opposition is based upon the attached memorandum of points and authorities, the files and records in this case, and other evidence as the Court may permit.

Dated: May 25, 2026              Respectfully submitted,

TODD BLANCHE
Acting Attorney General

BILAL A. ESSAYLI
First Assistant
United States Attorney

LORINDA I. LARYEA
Chief, Fraud Section
Criminal Division

_____/s/_____
BENEDETTO L. BALDING
ANDREW M. ROACH
MATTHEW REILLY

Attorneys for Plaintiff
UNITED STATES OF AMERICA

## <u>MEMORANDUM OF POINTS AND AUTHORITIES</u>

While the government has introduced substantial evidence that defendant's rapid exit from his pre-tweet trading positions is consistent with a short-term trading strategy designed to profit from quick stock prices movements induced by his false and misleading tweets, the government's theory of the case has never rested on the premise that defendant was subject to a strict temporal holding period.  Defendant, however, is particularly focused on instructing the jury that no independent law imposed a "holding period" during which defendant was precluded from trading.  The government does not contest this law, although it has requested that – if there is an instruction on holding periods – the Court should simultaneously provide the other side of the same legal coin, i.e., that "scalping" is a deceptive practice. (ECF No. 363).[1]  Whatever the Court decides concerning the jury instruction, no further evidence is needed to submit to the jury.

Dissatisfied with the fact that this issue is not in dispute, defendant seeks to draw undue attention to the issue by attempting to move into evidence a legal statement made by the government in a prior filing as a party admission.  This is inappropriate and will provide no benefit to the jury other than to unnecessarily highlight a particular aspect of this case in lieu of the entirety of the Court's instructions.  Defendant's motion should be denied.

---

[1] As the government stated in ECF No. 363, the government disagrees that such an instruction on holding periods is necessary. However, should the Court decide to instruct the jury regarding holding periods, it is essential (and equitable) that the Court simultaneously instruct the jury on the prohibited practice of "scalping."

1

As the Court is aware, there has been no dispute either in the pre-trial litigation or at trial that there does not exist a hard-and-fast deadline prior to which an investor is not permitted to trade (or, as defendant would characterize it, a "holding period"). See also ECF No. 211 (Gov.'s Opposition to Def.'s Mot. To Compel Grand Jury Transcript) fn. 7. Given the number of times that defendant has cited the government's footnote in his briefing, it is evident that he believes this was a grand concession. It was not. And, in any event, the defense has elicited testimony on this point from at least two witnesses. See, e.g., Tr. Day 9 173:13-15 (Professor Verstein: "No. I can think of no rule that would make someone have a minimum holding period for an investment of theirs and I've looked. I don't think there is one for anybody."); Trial Day 10, Tr. 113:7-16 (Testimony of Jack Martel).[2] The government did not attempt through cross examination to elicit a different representation. Moreover, the Court has indicated that there may be a jury instruction on this issue. See supra.

On this backdrop, there is no probative value to introducing a line from a footnote in pre-trial briefing to make a legal point. Like with defendant's motion to compel grand jury transcripts, he

---

[2] Q. At some point, Mr. Martel did you offer Citron an opinion of whether it was required to hold securities for a certain length of time after the release of a catalyst like a report, something like that?

Mr. Martel. Yes. My advice was that there was no holding period.

Mr. Martel. What was your legal basis for this advice?

A. It was based on years in the industry, um, reviewing all manner of investment strategies, uh, maintaining, uh, trying to stay current in the -- in my legal area of expertise and just really overall experience.

2

is chasing a ghost.  Given that the principle about holding periods is not contested, there is no relevance or prohibitive value in introducing a footnote from a legal filing.  In fact, given that defendant's motive for seeking to introduce this footnote appears entirely gratuitous, there would be substantial prejudice, confusion, and waste of time and delay attendant in admitting this as evidence.  The jury will (rightly) question what is so significant about this legal brief that they are being shown it and potentially place outsize import or concern on an issue that is not in dispute (and that they may be directly instructed on by the Court).  At a minimum, a supplemental curative instruction will be needed to contextualize why a legal issue from a brief is being introduced during the fact-finding phase of the trial and what a legal brief is so that the jury properly understands the (non-existent) importance of this representation.  As one court in this district found just last month, exclusion under Rule 403 is appropriate.  See United States v. Hernandez, No. 2:19-CR-00117-SB, 2026 WL 928617, at *7 (C.D. Cal. Apr. 2, 2026) (excluding evidence of prosecutors' opening and closing statements in another trial on a factual issue on Rule 403 grounds given the "prejudice, jury confusion, and undue consumption of time" that allowing the evidence would cause and noting the extensive time that "providing the necessary context would require"); United States v. Bakshinian, 65 F. Supp. 2d 1104, 1109-10 (C.D. Cal. 1999) (concluding that prosecutor's statement in co-conspirator's trial was party-opponent admission but excluding statements under Rules 401 and 403 because they "would raise substantial dangers of

3

confusing the jury and wasting time" through the introduction of necessary contextualizing evidence). For these reasons, there is no relevance to this discussion of a legal principle from a brief being introduced during the fact-finding portion of the trial. And Rule 403's balancing test easily weighs in favor of exclusion given the lack of probity and high risk of confusion, prejudice, and waste of time in providing the necessary context for this unusual trial evidence.

Excluding this evidence as irrelevant and barred under Rule 403 is consistent with the rulings in both in-circuit cases cited by defendant. United States v. Mirabal, 98 F.4th 981, 987 n. 4 (9th Cir. 2024) ("In so holding, we of course do not suggest that trial courts should refrain from analyzing such statements under Rule 403, or that they should admit such statements when they are irrelevant."); United States v. Garg, No. 21-cr-00045-JCC, 2023 WL 8281668, at *2 (W.D. Wash. Nov. 30, 2023) ("nothing in this ruling precludes the Government from seeking their exclusion on evidentiary grounds other than Rule 801"). Both Mirabal and Garg are explicit in noting that nothing about a government attorney party admission restricts the Court's ability to exclude such evidence on other evidentiary grounds, as the government requests here.

Moreover, Mirabal is inapposite. Mirabal involved a government attorney's representation on a purely factual matter in plea and sentencing papers in a co-defendant's case. 98 F.4th at 983-84 (discussing in plea and sentencing documents which inmate wore a white shirt and which inmate wore a brown shirt). It became

4

a highly disputed issue at the subsequent trial and the Ninth Circuit found that the plea and sentencing filings should have been admitted as party admissions for their value in the factual dispute.  Id. at 984-86.  Nothing in defendant's motion supports the notion that a statement of law in a government brief is the type of relevant information that should be introduced as evidence. Cf. United States v. Morgan, 581 F.2d 933, 937 n.10 (D.C. Cir. 1978) (discussing "statements of fact or belief" about whether a particular individual resided in a house, not any proposition of law)(emphasis added).

For these reasons, the Court should deny defendant's motion (ECF No. 381) and exclude the statement of law in the footnote of the government's brief as substantive evidence at trial.