**DYNAMIS LLP**
ERIC S. ROSEN (*pro hac vice*)
erosen@dynamisllp.com
MICHAEL B. HOMER (*pro hac vice*)
mhomer@dynamisllp.com
EMILY J. SCARISBRICK (*pro hac vice*)
escarisbrick@dynamisllp.com
175 Federal Street, Suite 1200
Boston, Massachusetts 02110
(617) 802-9157

YUSEF AL-JARANI (Cal. Bar No. 351575)
yaljarani@dynamisllp.com
1100 Glendon Ave., 17th Floor
Los Angeles, California 90024
(213) 283-0685

**WEIL, GOTSHAL & MANGES LLP**
ADAM FEE (Cal. Bar No. 345075)
adamfee@weil.com
BEN NICHOLSON (Cal. Bar No. 317970)
ben.nicholson@weil.com
1999 Avenue of the Stars, Suite 1800
Los Angeles, CA 90067
(213) 667-5100

*Attorneys for Defendant Andrew Left*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

UNITED STATES OF AMERICA

v.

ANDREW LEFT,

Defendant.

Case No. 2:24-cr-00456-VAP

**DEFENDANT ANDREW LEFT'S MOTION FOR A JUDGMENT OF ACQUITTAL UNDER FEDERAL RULE OF CRIMINAL PROCEDURE 29(C)**

Hr'g: November 17, 2026
Time: 10:00 a.m.
Ctrm: 8C
Judge: Hon. Virginia A. Phillips

# NOTICE OF MOTION AND MOTION

TO THE PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on November 17, 2026 at 10:00 a.m., or as soon after as the matter may be heard, in Courtroom 8C of the First Street United States Courthouse, 350 West 1st Street, Los Angeles, California 90012, before the Honorable Virginia A. Phillips, Defendant Andrew Left moves this Court under Federal Rule of Criminal Procedure 29(c) for a judgment of acquittal on every count of conviction (Count One and Counts Two, Four through Nine, Eleven, and Fourteen through Seventeen). The Motion is based on this Notice of Motion and Motion, the incorporated Memorandum of Points and Authorities, the complete trial record, the exhibits and docket entries cited herein, and any other evidence or argument that the Court may consider at the hearing on this motion. Counsel also renews and incorporates the Rule 29 motions made at the close of the Government's case and at the close of all evidence. By separate motions filed the same day, Mr. Left moves for a new trial under Rule 33 and for a new trial based on newly discovered evidence concerning government witness Daniel Bachus.

Dated: October 6, 2026

Respectfully submitted,

DYNAMIS LLP

*/s/ Eric S. Rosen*
Eric S. Rosen (*pro hac vice*)
Michael B. Homer (*pro hac vice*)
Yusef Al-Jarani
Emily J. Scarisbrick (*pro hac vice*)

AARON KATZ LAW LLC
Aaron Katz (*pro hac vice*)

WEIL, GOTSHAL & MANGES LLP
Adam Fee
Ben Nicholson

*Attorneys for Defendant Andrew Left*

## INTRODUCTION

Andrew Left was convicted of securities fraud for publishing accurate statements and sincerely held opinions about public companies without disclosing that he planned to trade on them—a theory this Court held, before trial, is not a crime. ECF No. 274 at 5, 9–10; ECF No. 328 at 19. No rational jury could have found the elements of any count of conviction beyond a reasonable doubt, and Rule 29 requires a judgment of acquittal.[1]

## ARGUMENT

### I. Rule 29 Requires A Judgment of Acquittal.

Mr. Left makes a general motion for a judgment of acquittal on every count of conviction under Rule 29.[2] He also preserves and renews the acquittal motions he made at the close of the Government's case and at the close of all evidence. ECF No. 379; Tr. 61:17–21 (May 28, 2026).[3] The evidence showed that Mr. Left made accurate statements about securities to the public, expressed his sincerely held opinions, and profited from his own ideas—exactly what the disclosures on his website said he would do. That is protected First Amendment speech, not "securities fraud" or "market manipulation." No rational jury, properly instructed and presented with the evidence, could have found Mr. Left guilty of such crimes beyond a reasonable doubt.

A district court must, on a defendant's motion, "enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction." Fed. R. Crim. P. 29(a). The relevant inquiry "is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the

---

[1] Mr. Left preserves all his appellate rights with respect to other objections raised before and during trial.

[2] "Specificity is not required by Rule 29[.]" *United States v. Navarro Viayra*, 365 F.3d 790, 793 (9th Cir. 2004) (citation omitted).

[3] Citations to "Tr." are to the certified trial transcripts, by date.

essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (emphasis omitted).

"[E]vidence is insufficient to support a verdict where mere speculation, rather than reasonable inference, supports the government's case, or where there is a total failure of proof of a requisite element." *United States v. Nevils*, 598 F.3d 1158, 1167 (9th Cir. 2010) (*en banc*) (cleaned up); *accord United States v. Esquivel-Ortega*, 484 F.3d 1221, 1229 (9th Cir. 2007) (reversing conviction where the record was "barren of evidence" on necessary elements) (citation omitted); *United States v. Yates*, 16 F.4th 256, 273–75 (9th Cir. 2021) (reversing convictions for insufficient evidence). Under those standards, acquittal is required on every count of conviction.

As to Count One, the evidence was legally insufficient to sustain a conviction for securities fraud under 18 U.S.C. § 1348(1). The Government failed to establish beyond a reasonable doubt all of the requisite elements under any of the theories charged in the indictment. Nor did it prove the single scheme alleged in the indictment.

As to Counts Two, Four through Nine, Eleven, and Fourteen through Seventeen, the evidence was legally insufficient to sustain a conviction for securities fraud under 15 U.S.C. § 78j(b) (Section 10(b)) and 17 C.F.R. § 240.10b-5 (Rule 10b-5). The Government again failed to prove every element under any charged theory. As to all counts of conviction, acquittal is also required because the Government's theory of prosecution violated Mr. Left's First Amendment rights. *See United States v. Alvarez*, 617 F.3d 1198, 1218 (9th Cir. 2010), *aff'd*, 567 U.S. 709 (2012) (reversing conviction on that ground).

**CONCLUSION**

The Court should enter a judgment of acquittal on Count One and on Counts Two, Four through Nine, Eleven, and Fourteen through Seventeen. Mr. Left renews, and does not waive, each ground preserved at trial and in his prior Rule 29 motions.

Dated: October 6, 2026

Respectfully submitted,

DYNAMIS LLP

*/s/ Eric S. Rosen*
Eric S. Rosen (*pro hac vice*)
Michael B. Homer (*pro hac vice*)
Yusef Al-Jarani
Emily J. Scarisbrick (*pro hac vice*)

AARON KATZ LAW LLC
Aaron Katz (*pro hac vice*)

WEIL, GOTSHAL & MANGES LLP
Adam Fee
Ben Nicholson

*Attorneys for Defendant Andrew Left*

**CERTIFICATE OF COMPLIANCE**

I certify, as counsel for Defendant Andrew Left, that this memorandum of points and authorities contains 625 words, which complies with the word limit of L.R. 11-6.1.

Dated: October 6, 2026

*/s/ Yusef Al-Jarani*
Yusef Al-Jarani